# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CASE NO.: 6:17-CV-00245-DLB

NEW LONDON TOBACCO MARKET, INC.         PLAINTIFFS
and FIVEMILE ENERGY, LLC

v.

JAMES C. JUSTICE COMPANIES, INC.,        DEFENDANTS
KENTUCKY FUEL CORPORATION,
JUSTICE MANAGEMENT SERVICES, LLC,
JUSTICE FARMS OF NORTH CAROLINA,
LLC, OAKHURST CLUB, LLC,
SOUTHERN MINERALS, LLC, and
JAMES C. JUSTICE, III

## SECOND DECLARATION OF JAMES C. JUSTICE, III

1. My name is James C. Justice, III and I go by Jay Justice. I make this Declaration based on personal knowledge.

2. I am a citizen and resident of the Commonwealth of Virginia, I reside in Roanoke City and my office is located at 302 South Jefferson Street, Roanoke, Virginia 24011.

3. I have never resided nor maintained any office in the Commonwealth of Kentucky; I own no property — real or personal — in Kentucky; I have never maintained a bank or other financial account in Kentucky.

4. I have reviewed the transactions listed at paragraphs 27-40 of the Amended Complaint filed in this case ("the Listed Transactions"). None of the properties transferred or alleged to be in the process of being transferred in the Listed Transactions is located in Kentucky; none of the parties to the Listed Transactions resides in Kentucky, and none of the Listed Transactions was negotiated, executed or performed in Kentucky. Moreover, I have reviewed the payments listed at paragraph 44 of the Amended Complaint ("the Listed



EXHIBIT B

Payments"). None of the Listed Payments was initiated, processed or received by a Kentucky resident, and none of these payments was issued, routed through or received in Kentucky.

5. I have never had any active involvement in the negotiations, execution or performance of any of the agreements or transactions referenced by Plaintiffs in Case No. 12-91-GFVT ("the Fivemile Transactions"). I have never traveled to Kentucky in connection with the Fivemile Transactions (other than to meet with my Kentucky counsel to discuss the Litigation filed by Plaintiffs); I have never met with any representative of Plaintiffs in Kentucky to discuss the Fivemile Transactions; I have never, to the best of my knowledge, directed any communications into Kentucky, by phone, text, letter or e-mail in connection with those Fivemile Transactions (other than to Kentucky counsel to discuss the Litigation filed by Plaintiffs) and I have never, to the best of my knowledge, directed any representative of Kentucky Fuel or JCJC to travel to Kentucky or to reach out to any Kentucky based representative of Plaintiffs in connection with the Fivemile Transactions.

6. The only occasion in which I recall meeting with any representative of either Plaintiff about the Fivemile Transactions was a meeting with Mr. Brownlow at my office in Roanoke, Virginia. Moreover, if I ever communicated with Mr. Brownlow by phone, letter or electronically about the Fivemile Transactions (I don't recall having done so), I did not knowingly direct those communications into Kentucky as it was all along my understanding that Mr. Brownlow lived in Tennessee. I do not believe that I have communicated with any other representative of either Plaintiff about the Fivemile Transactions.

7. The only other meeting I recall having had with Mr. Brownlow was in Lexington, Kentucky back in 2009 or 2010. That meeting had nothing to do with the Fivemile Transactions; instead, it related to an entirely unrelated transaction regarding the prospective purchase by a

Justice controlled entity called Greenthorn, LLC of properties for sale in the Appalachian Fuels bankruptcy which are not the subject of the Fivemile Transactions.

8. I have read the assertions that Plaintiffs have made against me – and against the integrity of my First Declaration – which they make by mischaracterizing the contents of that Declaration. [DE 16, pp. 4-7.] I stand by that Declaration. I did not say that I was unaware of the Fivemile transactions, I did not say that I did not have ultimate responsibility for those transactions – or for the operations of Kentucky Fuel and JCJC, and I did not say that Kentucky Fuel didn't have offices in Kentucky. What I stated was that I had no active involvement in the transactions with Plaintiffs and that I personally had no contacts with Kentucky in connection with those transactions. Finally, I did not understand that Mr. Brownlow worked in Kentucky; I have all along understood that he lived and worked in Tennessee.

I make this Declaration under penalties of perjury on this 15th day of December 2017.

_____
JAMES C. JUSTICE, III

0130678.0649700  4836-9406-2168v1

3