IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
SOUTHERN LONDON DIVISION

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) No.  6:17-cv-00245-CFVT |
| JAMES C. JUSTICE COMPANIES, INC., KENTUCKY FUEL CORPORATION, JUSTICE MANAGEMENT SERVICES, LLC, JUSTICE FARMS OF NORTH CAROLINA, LLC, OAKHURST CLUB, LLC, SOUTHERN MINERALS, LLC, and JAMES C. JUSTICE, III | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MOTION TO EXTEND PLAINTIFFS' DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER AMENDED COMPLAINT AND MOTION TO STAY**

Plaintiffs move the Court for an order staying this action or, alternatively extending Plaintiffs' time to respond to Defendants' Motion to Dismiss or Transfer Plaintiffs' Amended Complaint (D.E. 25) until fourteen days after the Court's ruling on this Motion to Stay.  The Defendants' counsel has agreed to the time extension requested herein, but does not yet have authority from his clients to agree to the request for a stay.  The grounds for this Motion are set forth below.

 On December 15, 2017, the Defendants filed their Motion to Stay or Transfer.  In view of the Court's Order directing the Plaintiffs to show cause why this case should not be consolidated with the action styled *New London Tobacco Market, Inc., et al. v. Kentucky Fuel Corporation, et al.* (Case No. 6:12-cv-00091-GFVT-HAI) (D.E. 27) (the "Original Fivemile Action"), counsel for the parties have been working cooperatively to address and resolve the issues in the most economical manner possible.  Initially, the parties had agreed that Plaintiffs would renew their Motion for

Jurisdictional Discovery (which the Defendants planned to oppose) and that any substantive response to Defendants' Motion to Dismiss or Transfer would be deferred until after the Court had ruled on Plaintiffs' entitlement to jurisdictional discovery.

Recently, however, counsel for the parties have been discussing the possibility of staying the present action, pending the final outcome of the original Fivemile Action. Such a stay would not be affected by the Court's ruling on consolidation pursuant to its Show Cause Order (D.E. 27) because the stay of the issues in this action could be effectuated whether or not the two cases are consolidated.

Such a stay will not prejudice any party but will serve the interests of both judicial economy and preservation of the parties' resources. When a final judgment is entered in this case, if the Defendants pay that judgment or it is otherwise resolved between the parties, then there would be no need to proceed with this action to set aside fraudulent conveyances.

If past experience is any guide, this action will be intensely litigated by all parties and will be the subject of motion practice, likely discovery disputes, and other matters that will occupy the Court's and the parties' time and resources. Depending upon the final outcome in the Original Fivemile Action, all such effort and expense may well be unnecessary.

Staying the issues raised in this action now, may avoid these unnecessary expenses. It will allow the parties and the Court to focus upon a final resolution in the Original Fivemile Action and potentially avoid unnecessary litigation of the issues in the present case. The pendency of this action, however, preserves the Plaintiffs' rights in the event that it becomes necessary to proceed with this action in order to collect any judgment entered in the Original Fivemile Action.

Counsel for the parties have discussed the possibility of a stay. Defendants' counsel has not yet obtained approval from his clients to agree to a stay. However, he has agreed to an extension of the Plaintiffs' time to respond to the pending Motion to Dismiss or Transfer. That portion of this Motion therefore is unopposed. Such an extension of time will afford Defendants' counsel more time to consult with his clients concerning the desirability of a stay.

>/s/ John A. Lucas
> \*John A. Lucas (011198)
> \*W. Edward Shipe (023887)
> **Wagner, Myers & Sanger, P.C.**
> 1801 First Tennessee Plaza, 800 S. Gay St.
> Knoxville, TN 37901-1308
> 865.525.4600 (telephone)
> 865.524.5731 (facsimile)
> jlucas@wmspc.com
> eshipe@wmspc.com
> ***admitted pro hac vice**
>
> Scott M. Webster
> Tooms, Dunaway & Webster
> 1306 West Fifth Street, Suite 200
> P.O. Box 905
> London, Kentucky 40743-0905
> 606.864.4145 (telephone)
> 606.878.5547 (facsimile)
> swebster@toomsdunaway.com
>
> *Counsel for New London Tobacco*
> *Market, Inc., and Fivemile Energy, LLC*

## CERTIFICATE OF SERVICE

On January 5th, 2018, I electronically filed this document through the CM/ECF system, which will send notice to all counsel of record.

/s/ *John A. Lucas*
John A. Lucas