UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

NEW LONDON TOBACCO MARKET,        )
INC. and FIVEMILE ENERGY, LLC,    )
                                  )    Civ. No: 6:17-cv-00245-GFVT
        Plaintiffs,               )
                                  )         **ORDER**
V.                                )
                                  )
JAMES C. JUSTICE COMPANIES,       )
INC., et al.,                     )
                                  )
        Defendants,               )
                                  )

*** *** *** ***

This matter is before the Court on Plaintiffs' Motion to Temporarily Lift Stay and for Leave to File Second Amended Complaint. [R. 40.] At the request of the Plaintiffs, this Court stayed this action in July 2018 pending the outcome of companion case *New London Tobacco Market et al., v. Kentucky Fuel Corporation, et al.*, 6:12-cv-00091-GFVT-HAI. [R. 36.] Citing "the power inherent in every court to control he disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants," the Court granted Plaintiffs' Motion to Stay. [R. 36.] As the Court noted in its Order granting the stay, should the Defendants pay the judgment or otherwise reach an agreement with the Plaintiffs, there would be no need to proceed with this action. [*See* R. 30.]

Now, Plaintiffs allege that they have recently discovered matters giving rise to new claims under RICO and ask this Court to lift the stay for the limited purpose of filing a second amended complaint asserting those claims before the statute of limitations expires. [R. 40.] Plaintiffs' proposed amended complaint would add new claims against the existing defendants

and add four additional defendants and one individual as defendants to this action.  [R. 42 at 2.]

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility."  *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  In analyzing a 12(b)(6) motion, the Court "accepts all of the Plaintiff's factual allegations as true and construes the complaint in the light most favorable to the Plaintiffs."  *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

Defendants apparently do not oppose Plaintiffs' Motion for Leave to File a Second Amended Complaint.  [*See* R. 42.]  Instead, Defendants argue only against lifting the stay, and instead propose this Court enter "an order tolling any applicable statutes of limitations as to the new claims Plaintiffs seek to assert against the existing Defendants and as to the claims Plaintiffs seek to assert against the new Defendants."  *Id.* at 2.  Parties are free to agree to tolling a statute of limitations amongst themselves.  However, Defendants do not cite, nor can the Court find, any case law that would support entry of an order tolling the statute of limitations against Defendants not yet before the Court.  Therefore, finding no purpose of "undue delay, undue prejudice to the

opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies," and recognizing the Court's inherent power to stay proceedings to "control the disposition of the causes in its docket with economy of time an effort for itself, for counsel and for litigants," *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014), it is hereby **ORDERED** as follows:

1.  Plaintiffs' Motion to Temporarily Lift Stay and for Leave to File Second Amended Complaint [**R. 40**] is **GRANTED**;

2.  The stay is **TEMPORARILY LIFTED** for the limited purpose of filing the Second Amended Complaint and issuance of service of process on the new Defendants;

3.  The Clerk of Court **SHALL FILE** Plaintiff's Amended Complaint [**R. 40-1**] as Plaintiff's Amended Complaint.  The Second Amended Complaint is deemed filed as of **April 29, 2019**;

4.  Following service of process on the new Defendants, the stay is **REINSTATED** and the new Defendants are not required to answer until the stay is lifted by further action of this Court.

This the 10th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge

3